THE STATE, DEFENDANT IN ERROR, v. JOSEPH MAY-
EWSKI, PLAINTIFF IN ERROR.

Submitted March 22, 1920—Decided June 14, 1920.

The defendant was indicted for receiving money from the earnings
of a prostitute contrary to the prohibition of the statute. Evi-
dence was admitted showing the institution of such relations
more than five years before the indictment was found, which con-
tinued to a time within the statutory limitation of two years, em-
bracing the date on which the alleged crime was charged to have
been committed. This evidence was objected to, not because it
was offered to prove an extraneous crime, but upon the ground
that it related to the acts of the defendant more than five years
prior to the finding of the indictment. *Held,* that the evidence
was, under such circumstances, competent as corroborative of
other evidence in proof of the offence charged.

On appeal from the Supreme Court.

For the plaintiff in error, *McDermit & McDermit.*

For the defendant in error, *J. Henry Harrison.*

The opinion of the court was delivered by

BERGEN, J. The defendant was convicted of a violation of
section 47e of the Crimes act (*Comp. Stat., p.* 1760), which
reads: "Any person or persons who knowingly receives any
money or valuable thing, without actual and *bona fide* con-
sideration, from the earnings of any woman engaged in pros-
titution, shall be guilty of a high misdemeanor." The testi-
mony in the record laid before us, if credited by the jury, war-
ranted the finding of the jury that defendant was guilty of a
violation of the statute referred to. The judgment of con-
viction is here on writ of error, accompanied by a certificate
of the trial judge that the record contains the entire proceed-
ings had upon the trial of the cause, as authorized by section
136 of our Criminal Procedure act. The defendant has filed
assignments of error, and also specifications of causes for re-

versal, but only those which the defendant argues need be considered.

The first point argued is, that it was illegal to allow the prostitute, from whom it is alleged the defendant received money which she had earned in the prosecution of her unlawful occupation, with his knowledge, to testify that her earnings from her illicit intercourse, began more than five years before the sums charged in the indictment were received by him from her, and that such practices continued until May 1st, 1918, the indictment being found at the December term, 1918, of Essex Oyer and Terminer. The objection made is that as the testimony refers to acts of the defendant more than two years prior to the finding of the indictment, it was incompetent, not as showing defendant had committed another offence which was subject to the bar raised by our statute of limitation, but that no testimony concerning defendant's acts relating to the crime charged, prior to the time limited by statute, was competent on the trial of the crime charged. It is difficult to ascertain from appellant's brief just what his claim is, but the interpretation most favorable for him is that the evidence is objectionable because it tends to prove defendant's guilt of another and distinct crime, which would be illegal. Clearly, the testimony was not illegal, if otherwise competent, merely because it related to a period as to which the statute of limitations had run. A conspiracy may be entered into, but no overt act shown until after the expiration of the limitations, so far as the agreement is concerned. In such case proof relating to the corrupt agreement would be competent, notwithstanding it proved acts prior to the period of limitation relating to a crime perpetrated by an overt act within two years. Testimony of the corrupt agreement entered into before the statute has run is competent where the overt act in its execution was done before the statutory period of limitation had elapsed. *Ochs et al.* v. *People,* 16 *N. E. Rep.* 662. And where the criminal act is the obtaining of money by false representations the limitation runs from the date of obtaining the money and not from the date of the false representations, and proof of the representations before the bar of

the statute is competent to corroborate the obtaining of money thereby. *State* v. *Riley,* 65 *N. J. L.* 192. Therefore, in the case under review the challenged testimony was competent to show a course of conduct from which it may be inferred that there was an agreement between defendant and the witness that she should prostitute herself and pay the proceeds to defendant in corroboration of the crime charged and proven to have been perpetrated within the limited statutory period. The evidence was not offered to prove another crime of like character, but to show the institution of the relations of the parties and a course of conduct as corroborative of the crime charged in the indictment. Corroborative testimony of similar character was approved in *Mayer* v. *State,* 64 *Id.* 323, and the action of the trial court in admitting it falls within the rule applied by this court in *State* v. *Snover,* 65 *Id.* 289. In the latter case the crime charged was adultery and the proof objected to by defendant was of previous acts of adultery between the same parties. The admission of this testimony was approved by this court. The testimony here objected to related to a course of conduct between the same persons, and to a practice between them which logically throws light on what it is charged they did within the statutory period.

It is also urged that the judgment should be reversed because based on the perjury and bias of the woman, but, manifestly, this court cannot deal with that question for it relates entirely to the credibility of the witness and is within the province of the jury.

The appellant claims that it was error to exclude proof of defendant's bank account which was offered upon the theory that if he could prove he had money in bank the jury could infer he was not likely to take from the woman her earnings derived from prostitution. It is difficult to see anything in this record that is a basis for this assignment of error, and the evidence in its support is not pointed out in appellant's brief, while a search of the record only discloses that a bank officer was called and produced a leaf from one of the books of the bank containing the bank account of defendant. It was offered, and at the court's suggestion marked as an exhibit for

identification, the court having some doubt about its competency, with leave to offer it later. The court made no ruling, and no exception was taken to the course suggested, and it was not offered later. The appellant did not suffer any manifest wrong or injury from this. In addition, defendant subsequently testified that on the 30th of May, 1918, the time charged in the indictment, he had $1,800 in the bank, which the state did not controvert. This testimony was not responsive to the question to which it was a reply, but the evidence was not stricken out and remained in the record, so the jury had the fact that defendant had in the bank $1,800 when the alleged crime was committed, and there is no foundation in fact for the assignment on which the argument on this branch of the case can rest. But if the court had excluded it, we are of the opinion such a ruling ought to be sustained. The crime does not depend upon the amount of money defendant had, for it may have come from the earnings of the woman's prostitution. It is contended by appellant that the trial court committed a legal error in charging the jury that it had a right to consider the interest of the defendant in the result, in considering the credit to be given to his testimony. This was not error. *State* v. *Dugan,* 84 *N. J. L.* 603.

The last objection, that the evidence does not support the verdict, requires no attention in this court, which does not pass upon the weight of the evidence.

The judgment will be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.